IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DEBBRA MARTINEZ,<br><br>                      Plaintiff,<br>v.<br><br>TARGET CORPORATION, ANNETTE JENSEN, AND DOES 1 THROUGH 15 INCLUSIVE,<br><br>                      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. No. 2:12-CV-1052 TS<br><br>Judge Ted Stewart |

       This matter is before the Court on Defendant Target Corporation's Motion for Summary Judgment. For the reasons set forth below, the Court will grant Defendant's Motion in part and deny it in part.

## I. BACKGROUND

       Plaintiff Debbra Martinez was a patron at Defendant Target Corporation's retail store in Salt Lake County. Defendant displayed tables on a high shelf and Plaintiff planned to buy one. Another patron, Annette Jensen,[1] attempted to remove a table causing it to fall on Plaintiff.[2] Plaintiff alleges that her neck and back were injured, resulting in headaches and physical pain. In her Amended Complaint, Plaintiff alleged that the display "was negligently installed, designed or maintained in such a manner that when the Plaintiff attempted to examine the table from the bottom shelf, a table from the top shelf fell on Plaintiff."[3] Plaintiff further alleged that, "by

---

[1] Annette Jensen was a party to this case, but Plaintiff's claims against her and her cross claim against Defendant Target Corporation have been dismissed. *See* Docket Nos. 39, 43.

[2] Docket No. 20, at 3.

[3] *Id.* at 3.

allowing the unsafe condition to exist, the Defendants . . . were negligent in the maintenance, repair, supervision and/or inspection of the poorly maintained, installed and designed display and retail structure, which were the proximate cause of the injury to the Plaintiff."[4]

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[6] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[7]

## III. DISCUSSION

Defendant argues that Plaintiff's claim is technical and industry-specific in nature and is beyond the understanding of a jury. As a result, Defendant argues that Plaintiff must present expert testimony as to the relevant standard of care. Since Plaintiff has not disclosed an expert witness on this issue, Defendant argues that it is entitled to judgment as a matter of law.

Plaintiff argues that expert testimony is not required. Plaintiff asserts that "Defendant created the dangerous condition in question when they chose to place the heavy merchandise at a level that was too heavy and too high for a number of their customers."[8] Plaintiff contends that

---

[4] *Id.*

[5] Fed. R. Civ. P. 56(a).

[6] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[7] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[8] Docket No. 41, at 8.

Defendant was "negligent for placing an item that was too heavy in a location that was too high for some of its customers, and for failing to warn those customers of the weight or require that they seek assistance with the product."[9]

"The standard of care in a negligence action is generally a question of fact for the jury."[10] In certain cases, however, expert testimony is required.

> [T]he need for expert testimony turns on the nature of the standard to be addressed by the jury. Questions of ordinary negligence are properly determined by the lay juror without the need for expert testimony. Where the standard implicates scientific matters beyond the capacity of an ordinary juror, however, expert testimony may be required.[11]

In her Amended Complaint, Plaintiff based her negligence claim on a theory of negligent maintenance, repair, supervision, inspection, installation, and/or design of Defendant's display and retail structure. At some point, however, Plaintiff appears to have altered the theory of her case. In her Opposition to Defendant's Motion, Plaintiff states that "the adequacy of the shelf structure itself or its design is not at issue, it is simply a question of placing an item for sale that was too heavy, and up too high."[12]

In support of her claim, Plaintiff points to the deposition testimony of Annette Jensen who testified that the "bad part" was that the table "was up high" and that "it was just really heavy."[13] Plaintiff similarly testified that the shelf "was just too high for me to be safe to get that table off."[14]

---

[9] *Id.* at 9.

[10] *Graves v. N. E. Servs., Inc.*, 345 P.3d 619, 627 (Utah 2015).

[11] *Id.*

[12] Docket No. 41, at 9.

[13] Docket No. 41 Ex. A, at 9–11.

[14] *Id.* Ex. D, at 48.

Utah courts have addressed the necessity of expert testimony in a number of cases. In *Nixdorf v. Hicken*,[15] a surgeon performed an operation on a woman and left a needle inside her body. The Utah Supreme Court held that expert testimony was not required to establish the standard of care when the propriety of the treatment received was within the common knowledge and experience of the average citizen.[16] The court observed that "'whether a surgical operation was unskillfully or skillfully performed is a scientific question. If, however, a surgeon should lose the instrument with which he operates in the incision . . . , it would seem as a matter of common sense that scientific opinion could throw little light on the subject.'"[17] As the loss of the surgical needle fell within this exception to the general rule, no expert testimony was required.

In *Virginia S. v. Salt Lake Care Center*,[18] a mentally and physically incapacitated seventeen-year-old was raped while under the care of a nursing home.[19] The court held that no medical technicalities were involved, and that the plaintiff could rely on the common knowledge of lay persons to determine whether the nursing home breached the standard of care.[20]

In *Collins v. Utah State Developmental Center*,[21] the plaintiff alleged that the defendant's employees failed to adequately supervise a child with a disability who was playing on a swing.[22]

---

[15] 612 P.2d 348 (Utah 1980).

[16] *Id.* at 352.

[17] *Id.* (quoting *Fredrickson v. Maw*, 227 P.2d 772, 773 (1951)).

[18] 741 P.2d 969 (Utah Ct. App. 1987).

[19] *Id.* at 372.

[20] *Id.* at 371–72.

[21] 992 P.2d 492 (Utah Ct. App. 1999).

[22] *Id.* at 495.

She fell from the swing and was seriously injured.[23] The court applied the common knowledge exception and held that most jurors could ascertain the standard of care owed to a child under the circumstances.[24] Therefore, expert testimony as not required because "a lay juror can readily evaluate the alleged negligence by the Center in failing to protect [the plaintiff] from a swing injury."[25]

In *Bowman v. Kalm*,[26] a doctor gave a patient sleeping pills that made her clumsy, without providing a warning.[27] A bedroom dresser fell over, the patient was pinned down by the dresser, and she died due to asphyxiation.[28] The trial court granted summary judgment to the defendant based on the lack of expert testimony and the Utah Supreme Court reversed.[29] The connection between a patient being made clumsy by negligent prescription and a falling dresser pinning the clumsy patient down was not one that required specialized medical knowledge.[30] Therefore, expert testimony was not required.

In *Jenkins v. Jordan Valley Water Conservancy District*,[31] homeowners sued a water conservancy district after one of its water pipes broke and flooded their homes.[32] The trial court granted summary judgment because the plaintiffs had failed to designate an expert on the

---

[23] *Id.* at 493.

[24] *Id.* at 494.

[25] *Id.*

[26] 179 P.3d 754 (Utah 2008).

[27] *Id.* at 757.

[28] *Id.*

[29] *Id.* at 754.

[30] *Id.* at 756.

[31] 321 P.3d 1049 (Utah 2013).

[32] *Id.* at 1050.

applicable standard of care.[33]  The Utah Supreme Court held that "the question whether a pipeline needs to be replaced is outside the knowledge and experience of average lay persons."[34] Therefore, "the homeowners had an obligation to designate an expert to establish a basis for such a duty" and "[t]heir failure to do so was fatal to their negligence claim."[35]  The court noted that "[a]ccording to expert testimony offered in other cases, the useful life of a cast-iron pipe may vary widely, depending on a range of factors such as soil conditions, burial depth, and the extent of any earth movement in the area."[36]  Consequently, the court held that "[l]ay persons are not well equipped to decide whether a cast-iron pipe has gotten so old that it requires replacement."[37]

Finally, in *Graves v. North Eastern Services, Inc.*,[38] North Eastern Services ("NES") provided services for individuals with mental and physical disabilities.  An NES employee sexually abused a child who visited the facility.[39]  The child's parents sued NES for failing to perform background checks on its employees and for failing to provide adequate training and supervision of its employees.[40]  The Utah Supreme Court held that expert testimony was not required for such issues of ordinary negligence.[41]  "The question of what a reasonable person would do in performing background checks in hiring and in training and supervising employees is one permissibly resolved on the basis of the knowledge and experience of lay persons."[42]

---

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.* at 1052.

[37] *Id.*

[38] 345 P.3d 619 (Utah 2015).

[39] *Id.* at 622.

[40] *Id.* at 627.

[41] *Id.*

[42] *Id.* at 628.

Considering these cases, the Court will grant summary judgment in part and deny it in part. Plaintiff's display and retail structure claim is more similar to *Jenkins* than the other cases set forth above. Like *Jenkins*, where the useful life of a cast-iron pipe varied based on a range of factors, "[t]he technical and industry-specific characteristics of retail displays are the subject and result of extensive structural engineering and best-practices manuals across the retail sales industry."[43] Consequently, Plaintiff's display and retail structure claim is a matter beyond the common knowledge and experience of the average person, and expert testimony would be required. Absent such evidence, Defendant is entitled to summary judgment.

However, Plaintiff's claim that the table was too heavy and placed to high is one of ordinary negligence that can be resolved on the basis of the knowledge and experience of lay jurors. As such, expert testimony is not required to support such a claim and would throw little light on the subject. Accordingly, to the extent Plaintiff relies on this theory to support her negligence claim, the Court will deny Defendant's Motion for Summary Judgment.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 40) is GRANTED IN PART AND DENIED IN PART as set forth above.

DATED August 17, 2015.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[43] Docket No. 40, at 8.