IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEBBRA MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT TARGET'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY<br><br><br>Case No. 2:12-CV-1052 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Motion to Preclude Expert Testimony by Diane Ruschke, M.D., and Patrick W. Marcroft, M.D.  The Court will deny the Motion for reasons discussed below.

　　　　As an initial matter, Plaintiff no longer intends to call Dr. Ruschke as a witness, therefore the request to preclude Dr. Ruschke from testifying is denied as moot.

　　　　Defendant argues that Plaintiff first disclosed Dr. Marcroft as a witness on October 7, 2015, in her trial brief after expert discovery closed on March 20, 2015, and after the July 31, 2015 deadline for pretrial disclosures.  Plaintiff represents that Dr. Marcroft was identified in its Rule 26 Initial Disclosures on February 25, 2013.  The Court does not have a copy of that disclosure to verify, but the Court does note that Dr. Marcroft was identified as a witness on July 15, 2015, in Plaintiff's Rule 26 Pretrial Disclosures, and in the October 5, 2015 Pretrial Order before being mentioned in the Plaintiff's Trial Brief.  Defendant, at no time prior to this Motion, objected to Dr. Marcroft testifying.

Fed.R.Civ.P. 37(c) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

The Tenth Circuit has directed that

> [a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide [the Court's] discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[1]

The Court finds that Plaintiff identified Dr. Marcroft as early as July 15, 2015, and while this may have been untimely, it did not prejudice the Defendant because it had over four months before trial to depose Dr. Marcroft, if it so desired. The testimony will not disrupt the trial and the Court finds no evidence of bad faith on the part of Plaintiff.

It is therefore

ORDERED that Defendant's Motion to Preclude Expert Testimony (Docket No. 75) is DENIED.

DATED this 3rd day of December, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[1] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).