IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEBBRA MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARGET'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S MEDICAL BILL SUMMARY AND REFERENCES TO DR. DECHETT AND HER TREATMENT<br><br>Case No. 2:12-CV-1052 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Preclude Plaintiff's Medical Bill Summary, and All References to Dr. Pilar Dechett and Her Treatment. The Court will grant the Motion in part and deny the Motion in part for reasons discussed below.

Defendant argues that Plaintiff first disclosed Dr. Pilar Dechett's treatment of Plaintiff and the medical expenses associated with that treatment on October 23, 2015, in a proposed exhibit summarizing Plaintiff's medical expenses. The Court finds no other disclosure of Dr. Dechett and her treatment of Plaintiff.

Fed.R.Civ.P. 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." However,

> [a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide [the Court's] discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the

party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[1]

The Court finds that Plaintiff identified Dr. Dechett and the summary of the costs of her treatment of Plaintiff no earlier than October 23, 2015.  This was not only an untimely disclosure, but it occurred close enough to trial to prejudice the Defendant.  The Court will therefore grant the Motion to preclude mention of Dr. Dechett, any treatment she provided, and the costs of such treatment.  This does not mean, however, that the entire summary of Plaintiff's medical expenses must be excluded.  The Court will allow such a summary, provided that any reference to Dr. Dechett and her treatment of Plaintiff is removed.

It is therefore

ORDERED that Defendant's Motion to Preclude Expert Testimony (Docket No. 73) is GRANTED IN PART and DENIED IN PART.

DATED this 3rd day of December, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[1] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).