IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEBBRA MARTINEZ,<br><br>          Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>          Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S RULE 50 MOTION<br><br><br>Case No. 2:12-CV-1052 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Judgment as a Matter of Law. Defendant made the Motion orally at the close of Plaintiff's case. The Court will deny the Motion.

Federal Rule of Civil Procedure 50(a) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50 Motion, the Court should review all of the evidence in the record.[1] However, all reasonable inferences are drawn in favor of the nonmoving party and the Court does "not make credibility determinations or weigh the evidence."[2] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable

---

[1] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[2] *Id.*

1

inferences which may support the opposing party's position."[3]  A judgment as a matter of law is appropriate "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[4]

In this matter, Plaintiff brings a negligence claim against Defendant.  "To prevail on a negligence claim, a plaintiff must establish four essential elements: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the breach of duty was the proximate cause of the plaintiff's injury, and (4) that the plaintiff in fact suffered injuries or damages."[5]

Drawing all reasonable inferences in favor of the non-moving party, the Court finds that Plaintiff has provided sufficient evidence for a reasonable jury to find for her on her claim of negligence.  As a business visitor, Defendant owed Plaintiff a limited duty to protect her against harm.  Plaintiff has presented evidence that could lead a jury to determine that Defendant breached that duty of care.  Mrs. Jensen testified that the box that struck Plaintiff was heavy enough that she had to slide it across the shelf to get it into her cart.  Plaintiff has also presented evidence from which a jury could determine that being hit by the box caused her new injuries and/or aggravated her existing conditions including the testimony from herself, her husband, and the doctors who treated her after the accident. Whether the risk of harm presented by the display at issue was open and obvious, as Defendant argues, is a question of fact for the jury.

Defendant argues that expert testimony is required to prove causation for Plaintiff's injuries.  However, Utah courts have held that some issues of causation are within the common

---

[3] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

[4] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999).

[5] *Hunsaker v. State*, 870 P.2d 893, 897 (Utah 1993).

knowledge of a jury.  In *Beard v. K-Mart Corp.*,[6] the plaintiff was struck in the head and fell to the floor after being elbowed by a K-Mart employee attempting to start a lawnmower.  The Utah Court of Appeals found that the plaintiff "was properly permitted to testify that the accident in the store caused pain and injury.  The question as to whether such pain and injury resulted from the blow is within the common knowledge and experience of lay witnesses and could properly be submitted to the jury."[7]  The same is true here.  The Court is not allowed on a Rule 50 Motion to "make credibility determinations or weigh"[8] the evidence.  Finally, should a reasonable jury conclude that the accident caused new injuries or aggravated existing injuries, there are sufficient medical records to substantiate her claim for damages.

It is therefore

ORDERED that Defendant's Motion for Judgment as a Matter of Law is DENIED.

DATED this 10th day of December, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[6] 12 P.3d 1015 (Utah Ct. App. 2000).

[7] *Id.* at 1019.

[8] *Reeves*, 530 U.S. at 150.

3